COAL BLUFF NO. 2, The (HARTUPEE v.). See Case No. 6,172.

COAL BLUFF NO. 2, The (McCASKEY v.). See Case No. 8,687.

COAL VALLEY, The (BAYARD, The, v.). See Case No. 1,128.

## Case No. 2,915.

### In re COAN & TEN BROEKE MANUF'G CO.

[6 Biss. 315;[1] 12 N. B. R. 203; 7 Chi. Leg. News, 260.]

District Court, N. D. Illinois. March, 1875.

BANKRUPTCY—SALE OF CONSIGNOR'S GOODS—LIEN.

A consignor whose property was sold prior to the bankruptcy, and the proceeds mingled with the general assets, has no lien or specific claim against the estate; he can only share with the other creditors.

[Cited in Illinois Trust & Sav. Bank v. First Nat. Bank, 15 Fed. 860.]

In bankruptcy. This was a petition by B. Manville & Co., and other creditors of the bankrupt, seeking to establish a trust fund, and asking payment in full of their claims from the money in the hands of the assignee. The bankrupt [Coan & Ten Broeke Carriage Manufacturing Company], a corporation doing business in the city of Chicago, as a manufacturer and dealer in carriages, was in the habit of receiving carriages on consignment from other manufacturers and dealers, keeping an open account with each one of them, selling for cash and on credit, or exchanging for material, and sometimes also paying in material. At the time of the bankruptcy, they were indebted to some of the petitioners for carriages thus sold, and among the stock coming to the hands of the assignee, were other carriages thus sent on consignment, all of which, however, were sold by the assignee, there being nothing at the time to indicate that they were not the property of the bankrupt, and the consignors having made no claim to any specific carriages. The proceeds of such as had been sold prior to the bankruptcy had not been kept as any special fund, but had gone into the general assets of the corporation.

F. C. Ingalls, for petitioners.

BLODGETT, District Judge. The controlling question in this case is, whether the proceeds of these consigned carriages came within the clause in the 14th section of the bankrupt act [of 1867 (14 Stat. 522)], which provides that "no property held by the bankrupt in trust shall pass by such assignment." It is true that in examining the text-books and cases on the subject of trusts, we find many expressions like these,—that a factor or agent is a trustee for his principal, that a bank is a trustee for its depositors, and even that a

debtor is a trustee for his creditor. The courts of New York and Massachusetts have frequently decided cases upon these principles, and, founded upon such expression, the counsel for petitioners has framed his argument, that they have a lien upon these proceeds as a species of trust fund, and are entitled to payment, to the exclusion of the general creditors of the bankrupt.

A proper construction, however, of this clause in the bankrupt act, will only apply it to property still held in specie, and which can be distinguished from the other property of the bankrupt, or where the proceeds constitute a separate and distinct fund, not to cases where they have become mingled with the general assets of the bankrupt, even by his wrongful act.

Here there is no consigned property in the hands of the assignee which the petitioners can claim as belonging to themselves, nor any distinct fund which can be recognized or traced as the specific proceeds of the property sent on consignment by these petitioners. The petition must, therefore, be dismissed.